IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GARDNER,

        Plaintiff,                         No. 2:12-cv-1963 AC P

    vs.

STEVEN DARDEN,

        Defendant.               <u>ORDER</u>

_____/

        Plaintiff, who has consented to the jurisdiction of the magistrate judge, filed this action under 42 U.S.C. § 1983 as a Solano County jail inmate proceeding pro se and submitted a declaration that made the showing required by 28 U.S.C. § 1915(a). The request to proceed in forma pauperis was granted and the complaint was dismissed with leave to file an amended complaint within twenty-eight days, by order filed on September 11, 2012. Docket # 6. In a concurrently filed order, the Sheriff of Solano County was directed to collect an initial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and to forward the payment to the Clerk of the Court and to assess the remainder of the filing fee in monthly payments when plaintiff's trust account exceeded $10.00. Docket # 7. Thereafter, however, the Solano County Sheriff's Office, on September 20, 2012, informed the court that no filing fee could be assessed against his jail trust account as plaintiff had been released from custody as of July 29, 2012.

1

Plaintiff neglected to so inform the court at the time of his change of custody, which evidently occurred almost immediately after filing his original complaint on July 26, 2012.[1] Nevertheless, in light of plaintiff's release from custody, the court will permit plaintiff to proceed in forma pauperis, and plaintiff will not be assessed a filing fee against a jail trust account that no longer exists.

Plaintiff filed an untimely first amended complaint on November 2, 2012, which on the face of it, appears not to have cured the defects of the complaint as set forth in the court's screening order filed on September 11, 2012 (docket # 6). See below. To further confuse the issue, plaintiff then filed a brief letter three days later, on November 5, 2012, construed as a motion, asking the court to provide the appropriate forms for the filing of a further amended complaint, making no reference at all to the previously filed but belated amended complaint.

As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

---

[1] As the court noted in its screening order, the original complaint was dated by plaintiff as signed on November 17, 2011, but, oddly, was not filed in this court until July 26, 2012.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff once again names Vallejo Police Officer Steven Darden, Badge # 529, as the defendant, relying on the court's summary of the allegations of the original complaint almost verbatim to frame the claims of his amended complaint, i.e., that on June 10, 2011, he was arrested for trespass in violation of probation, posted bail, and was arrested again on October 20, 2011, for trespassing and for a felony probation violation. See Order at docket # 6, p. 3 & Amended Complaint, p. 3. Plaintiff contends he was not on probation when he was arrested for either probation violation both times by defendant Darden and asks for a jury trial to award appropriate damages under state and federal law. See Amended Complaint.

Plaintiff was informed in the original screening order that he appeared to be foreclosed from proceeding on his claim for money damages against the defendant arresting

3

officer by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), a case in which an Indiana state prisoner brought a civil rights action under § 1983 for damages. <u>See</u> <u>Order</u>, at docket # 6, p. 3.

> Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:
>
>> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.
>
> <u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. <u>Id.</u>
>
> The Ninth Circuit has made clear that a claim, like plaintiff's, that unfounded criminal charges have been brought against him is barred by <u>Heck</u>. <u>Smith[]art v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) ("[t]here is no question that <u>Heck</u> bars Smithart's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him"). In other words, plaintiff, as petitioner, " may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus." <u>Id.</u> Plaintiff may only proceed in this action for money damages if he can demonstrate that any revocation of probation or state court judgment against him as a result of the subject arrests has been expunged, dismissed or otherwise invalidated.

<u>Order</u>, docket # 6, pp. 3-4.

> Plaintiff has failed altogether to demonstrate in his amended complaint that any

4

state court judgment or revocation of probation as a result of the subject arrests has, indeed, been expunged, dismissed or otherwise invalidated. The first amended complaint will be dismissed but plaintiff will be afforded one further opportunity to make the requisite showing by filing a second amended complaint within twenty-eight days of the filed date of this order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, neither the original pleading (superseded by the first amended complaint) nor the first amended complaint serves any function in the case. Therefore, in a second amended complaint, as in an original or first amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis remains granted; however, no filing fee will be assessed against him.

2. The first amended complaint is dismissed for the reasons discussed above,

with leave to file a second amended complaint within twenty-eight days from the date of service of this order. Failure to file a second amended complaint will result in a recommendation that the action be dismissed.

      3. Plaintiff's November 5, 2012 (docket # 10), motion to file an amended civil rights complaint is therefore denied as moot, but the Clerk of the Court is directed to provide plaintiff with the form for filing a prisoner civil rights action in this district.

DATED: November 21, 2012

                /s/
           ALLISON CLAIRE
           UNITED STATES MAGISTRATE JUDGE

AC:009
gard1963.ord2